UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,                :
                                                                          :       88-CR-395 (VEC)
      -against-                                      :
                                                                          :       OPINION & ORDER
KOUROSH BAKHTIARI,                              :
                                       Defendant.    :
------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2016
```

VALERIE CAPRONI, United States District Judge:

      In November 1989, the Honorable Leonard B. Sand sentenced Defendant Kourosh Bakhtiari to a term of imprisonment, a $7,500 fine, and $250 in special assessments for convictions on counts of firearms-possession, impersonation, and false-statements. *United States v. Bakhtiari*, 913 F.2d 1053, 1055 (2d Cir. 1990) (setting forth factual and procedural history); *see also United States v. Bakhtiari*, 729 F. Supp. 11, 11 (S.D.N.Y. 1989). In a related case before the Honorable Robert W. Sweet, Bakhtiari was sentenced in December 1989 to a term of imprisonment, a fine of $5,000, and $150 in special assessments for convictions on escape-related crimes. *Bakhtiari*, 913 F.2d at 1055. Following remand after an appeal in the case before Judge Sand, Bakhtiari's November 1989 sentence was vacated in part, and Bakhtiari was re-sentenced in June 1991 to a term of imprisonment, a $7,500 fine, and $250 in special assessments. *Id.* at 1063; Dkt. 43. After serving his sentence, Bakhtiari was deported to Iran in 1994, where he remained until escaping to Pakistan and, ultimately, Canada, where he gained refugee status as a "protected person." Dkt. 46.

      The fines imposed as part of Bakhtiari's sentences remain unpaid. Bakhtiari claims that his application for permanent residency in Canada was denied because of the outstanding fines in this case. On May 9, 2016, Bakhtiari filed a motion to reopen his case, seeking remission of the

unpaid fines. Dkt. 45. For the reasons discussed below, Bakhtiari's motion to reopen the case is DENIED.

## DISCUSSION

Generally, the reopening of a criminal case rests within the discretion of the court. *See United States v. Crawford*, 533 F.3d 133, 137-38 (2d Cir. 2008). In exercising this discretion, a court considers, among other factors, the effect of reopening. *See id.* (adopting analysis in *United States v. Nunez*, 432 F.3d 573 (4th Cir. 2005)). Here, Bakhtiari seeks to reopen his criminal case so that he then can move for remission of his unpaid fines.

Although the Court is sympathetic to Bakhtiari's situation, the Court procedurally cannot provide Bakhtiari with his desired relief. Reopening the case would be futile, given Bakhtiari's stated goals. Because Bakhtiari's legal liability for the fines terminated 20 years after "entry of the judgment," *see* 18 U.S.C. § 3613(b) (1988 & Supp. III 1992), Bakhtiari's legal liability for his fines expired no later than June 2011. The Government concedes that Bakhtiari has no remaining liability for those fines. Moreover, Bakhtiari has not identified a legal basis that would support a motion by the defendant to remit the fines that were imposed on him. Although the Court, pursuant to 18 U.S.C. § 3573, may order remission of all or part of an unpaid fine "[u]pon petition of the Government," that statute does not provide authority for a defendant to petition for remission or modification of fines.

## CONCLUSION

For the above-stated reasons, Bakhtiari's motion to reopen the case is DENIED. The Court's disposition of this motion, however, does not preclude the parties from discussing whether an exercise of the Government's discretionary powers may facilitate resolution of Bakhtiari's situation.

**SO ORDERED.**

Dated: October 28, 2016
  **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**